UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHENGTAO SHEN,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-1222-CCB-SJF

**OPINION AND ORDER**

Immigration detainee Chengtao Shen, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The Warden has answered the petition. ECF 6. Shen filed a reply. ECF 7. The petition is ready to be decided.

BACKGROUND

Shen is a citizen of China who came to the United States in 1998 on a J-1 student visa. ECF 6-1 at 3. On March 15, 2000, an immigration judge ordered Shen removed to China. *Id.* at 5. There is no evidence he was detained during the proceedings, but he was later detained by Immigrations and Customs Enforcement (ICE) on or around 2007 or 2008. ECF 1 at 4. He was held for 8 months before being released on an order of supervision on March 23, 2009. *Id.* at 4

On February 5, 2025, Shen was convicted of disorderly conduct in Illinois and was sentenced to 12 months' supervision. ECF 6-1 at 3. At an ICE check-in on July 7,

2026, ICE Enforcement and Removal Operations (ERO) revoked Shen's order of supervision and took him into custody pursuant to a warrant. *Id.* at 8. The Notice of Revocation of Release states that his release was revoked to enforce the removal order against him and that ICE is seeking a travel document to remove him to China. *Id.* at 6-7.

Shen filed this habeas petition on August 18, 2026, arguing that his continued detention was unlawful because his removal was not reasonably foreseeable. Specifically, he argued his removal was not reasonably foreseeable because ICE was unable to obtain travel documents to China during his original detention in 2007 or 2008, and there is no evidence that they will be able to acquire travel documents now. Additionally, Shen argues that the government failed to follow regulatory procedures in revoking his order of supervision.

In answering the petition, the Warden first notes that Shen's current period of detention has lasted a little over two months. He states in his brief that ICE ERO has a pending request for travel documents from China but does not provide evidence in support of that assertion.

In reply, Shen reiterates that his removal is not reasonably foreseeable and ICE failed to follow administrative guidelines when revoking his order of supervision. ECF 7.

## SUBJECT MATTER JURISDICTION

The Warden first argues that the court lacks subject matter jurisdiction over Shen's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has

thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the Warden first argues that Shen's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Shen ended in 2000, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Because Shen did not appeal to the Board of Immigration Appeals, his 2000 removal order became administratively final when the time to appeal expired. *See* 8 U.S.C. § 1101(a)(47)(B).

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Shen's cumulative time in detention exceeds six months, *see Doan v. Mullin*, No. 3:26-CV-182-CCB-SJF, 2026 WL 1815230, at *2–3 (N.D. Ind. June 24, 2026) (concluding six-month *Zadvydas* period applies cumulatively across initial and subsequent periods of detention), the court turns to the analysis under *Zadvydas*.

To start, Shen argues the lack of any progress towards his removal during both his initial detention period in 2007 or 2008 and his current detention period shows his removal is not reasonably foreseeable. The court finds that this showing constitutes good reason to believe that there is no significant likelihood of Shen's removal in the reasonably foreseeable future.

The Warden has produced no evidence to rebut this. The answer asserts ICE is working on obtaining travel documents and has a pending request for travel documents from China, but does not provide a declaration from someone in a position to know about what steps have been taken. *See United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008) ("Counsel's unsupported statements are, of course, not evidence."). The Warden

has provided no timeline in which Shen's removal might be effectuated, no explanation for the prior unsuccessful attempts, and no change in circumstances indicating that Shen's removal to China is now likely. There is no evidence, in fact, that any steps have been taken towards Shen's removal. Consequently, the court finds that the Warden has not adequately demonstrated that Shen's removal is reasonably foreseeable. He must be released.[2]

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondent to release Chengtao Shen on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **November 10, 2026**; and

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release.

SO ORDERED on November 9, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

[2] Because the court finds Shen's removal is not reasonably foreseeable, it is unnecessary to consider whether the alleged procedural violations also require his release.